## In Re: Appeal of Robins Door & Sash Co.

*Dale E. Lapp,* for Lancaster County Board of Assessment Appeals.

*Thomas A. Belton,* for Robins Door & Sash Co.

ECKMAN, *J.,* December 9, 1985—Presently before the court is the motion to quash appeal filed by

Lancaster County Board of Assessment Appeals (hereafter board) to the appeal filed by Robins Door and Sash Co. (hereafter Robins). The City of Lancaster has intervened as a party appellee and joins in the motion.

Robins owned the property in question situated at 1175 Manheim Pike, Lancaster, Pa., until approximately 1977, when the property was sold to Lancaster Industrial Development Authority (hereafter LIDA). LIDA is presently the record owner. LIDA and S. E. Nichols, Inc. (hereafter Nichols) entered into an installment sales agreement on November 17, 1977, when Nichols became the equitable owner.

On August 31, 1984, Robins filed an appeal from assessment and listed its mailing address as c/o S. E. Nichols Company, 500 8th Ave., New York, N.Y. 10018. The board issued a decision by letter dated December 20, 1984, assessing the total value of the property at $544,920. The decision was addressed to the Lancaster Industrial Development Authority, Robins Door and Sash Co., c/o S. E. Nichols Company, 500 8th Avenue, New York, N.Y. 10018.

On January 21, 1985, Robins filed a petition for appeal to the court of common pleas. On February 11, 1985, the board filed the instant motion to quash appeal alleging that the appeal was defective because it was not brought by a taxpayer or a taxable pursuant to the statutory provisions providing for assessment in counties of the third class.[1] On March 5, 1985, Robins filed a response and Nichols, who is not a party of record, filed a motion to correct

---

1. Assessments in Counties of the Second Class A and Third Class, Act of June 26, 1931, P.L. 1379, §9, as amended; 72 Pa.C.S. §5350, supplement.

name of party from Robins Door and Sash Co. to S. E. Nichols, Inc. The board filed a reply on March 21, 1985 and a memorandum in support of its motion to quash on July 16, 1985.

The gravamen of the board's position is that the appeal was brought by the wrong party and, since the appeal period has expired, Nichols' motion to correct name of party should be dismissed and the appeal quashed. To hold otherwise would add an entirely different party to the action. We agree.

Under section 5350, supra, of the code dealing with assessments in third-class counties, only a "dissatisfied taxable" may appeal an assessment by the board to the court of common pleas. Robins, having had no interest in the property since 1977, is therefore not authorized to appeal the assessment. To avoid dismissal of the appeal on that basis, Nichols, the equitable owner of the property, has requested leave to correct petitioner's name.

Pa.R.C.P. 1033 permits a party, by consent or leave of court, to correct the name of a party to an action. The rule, however, "cannot be used as a device for adding a new party to the action under the guise of 'correcting the name,' particularly if the statute of limitations [has] run against a new cause of action." 2 Goodrich-Amram 2d §1033.3 at p. 351. See also In Re: Appeal of Westover Builders, Inc., 24 D.&C.3d 337 (1981).

Section 5571(b) of the Judicial Code[2] provides for the time of appeal in this matter, inter alia, as follows:

2. 72 Pa.C.S. §5350, supplement, supra; The Judicial Code, Act of July 9, 1976, P.L. 586, §2, as amended; 42 Pa.C.S. §5571(b).

"[A]n appeal from a tribunal or other government unit to a court . . . must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order."

Instantly, the 30-day appeal period had long since expired by the time the motion was filed on March 5, 1985 to change the name of petitioner. To now permit a change in the name of petitioner from Robins, an entity with no interest in the property, to Nichols, a separate and distinct entity with an equitable interest in the property, would more than correct the name of petitioner, it would clearly add a new and distinct party to the action after expiration of the appeal period. Although amendments have been allowed in situations where the correct party was originally named, but under the wrong designation, Myers v. Sezov, 39 D.&C.2d 650 (1966), or where the amendment removed an ambiguity in the existing caption without bringing a new party on the record, Elliot v. Stump, 89 Dauph. 387 (1968), neither situation is present in this case. Parenthetically, even if the amendment were permitted, we are not persuaded that Nichols would have standing to bring this appeal as the equitable owner. See In Re: Appeal of Westover Builders, Inc., supra.

Accordingly, we enter the following

ORDER

And now, December 9, 1985, the motion to quash appeal filed by appellee, Lancaster Board of Assessment Appeals, is hereby sustained, and the appeal of Robins Door and Sash Co. is quashed and the motion to correct name of party is dismissed.